United States District Court
Southern District of Texas
**ENTERED**
September 05, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| ADNAN RODRIGUEZ, § <br> Plaintiff § <br> § <br> v. § <br> § <br> JOSHUA SHAMBURGER, § <br> Agent of the Office of Attorney General § <br> of Texas and Representing Child Support § <br> Office of Texas, § <br> Defendant | Civil Action No. 1:23-cv-117 |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Before the Court is pro se Plaintiff Adnan Rodriguez's Complaint. Dkt. No. 1. For the reasons provided below, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Plaintiff's claims; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

### I.   BACKGROUND

On August 11, 2023, Plaintiff filed his Complaint against Defendant "Joshua Shamburger – Agent of [the] Office of Attorney General of Texas." Dkt. No. 1 at 1, 67. From what the Court can discern from his Complaint, Plaintiff contends that the Office of Attorney the General of Texas (OAG) owes him millions of dollars for work he performed while representing himself pro se in a suit affecting the parent-child relationship (SAPCR) in state court.[1] *See id.* at 4–5. Allegedly, Plaintiff moved to dismiss the SAPCR, asserting that the trial court lacked jurisdiction to hear the case. *Id.* at 23. In its responsive pleading

---

[1] "'Suit affecting the parent-child relationship' means a suit filed . . . in which the appointment of a managing conservator or a possessory conservator, access to or support of a child, or establishment or termination of the parent-child relationship is requested." TEX. FAM. CODE ANN. § 101.032(a).

in state court, signed by Defendant on behalf of the OAG, the OAG "demand[ed] strict proof" from Plaintiff of the state court's lack of jurisdiction over the SAPCR. *Id.* at 23–24. Plaintiff contends that demand formed a contract between him and Defendant for compensation for legal services Plaintiff provided himself in gathering and filing such proof.[2] *Id.* When all was said and done, Plaintiff insisted that Defendant owed him $5,939,246.04 for his services—an 8.25% sales tax included. *Id.* at 27–28. When Defendant failed to pay after multiple notices of "default of payment," Plaintiff filed the instant action in which he seeks to recover $10,973,202.84 from Defendant for "the crime of contract breach." *Id.* at 7, 67.

After reviewing Plaintiff's Complaint, for the reasons discussed below, the Court finds that it lacks jurisdiction to entertain this case.

## II.  DISCUSSION

### A.   Legal Standard

#### 1. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction" and must possess statutory or constitutional authority to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see* 28 U.S.C. §§ 1331, 1332. When a federal court lacks subject matter jurisdiction, it lacks the power to adjudicate the case, and it must dismiss the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998); Fed. R. Civ. P. 12(h)(3). A federal court must, even sua sponte, assess whether it has subject matter jurisdiction over

---

[2] The Court notes that although Plaintiff seeks to recover attorney's fees, he does not contend, nor does his Complaint establish, that he is a licensed attorney.

a case, *Ruhrgas AG*, 526 U.S. at 577, and may dismiss a complaint for want of jurisdiction on its own motion, *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021). When a district court dismisses an action for want of jurisdiction, the dismissal should be without prejudice. *Carver*, 18 F.4th at 498; *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 209 (5th Cir. 2010). Because Plaintiff is a pro se litigant, the Court must liberally construe his Complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (cleaned up); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

2. **Sovereign Immunity**

"Eleventh Amendment sovereign immunity deprives a federal court of jurisdiction to hear a suit against a state." *Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996); *see* U.S. Const. amend. XI. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Off. for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). "A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Id.* at 253–54 (internal citations omitted). "This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). And it is the plaintiff's burden to establish a state's waiver of sovereign immunity. *Daniel v. Univ. of Tex. Sw. Med. Ctr.*, 960 F.3d 253, 256 (5th Cir. 2020); *see also Schultz v. Ercole*, No. SA-21-CV-01043-XR, 2022 WL 847234, at *4 (W.D. Tex. Mar. 22, 2022) (Rodriguez, J.).

"It has long been settled that" sovereign immunity "encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997). "Sovereign immunity also extends to state officials sued in their official capacity for monetary relief." *Swindle v. Livingston Par. Sch. Bd.*, 655 F.3d 386, 399 (5th Cir. 2011). That is because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). And such a suit is "no different from a suit against the State itself." *Id.* Relevant here, "[t]he Office of the Attorney General [of Texas] is an arm of the state entitled to sovereign immunity." *Walker v. Tex. Off. of Att'y. Gen.*, 217 F. Supp. 2d 776, 779 (E.D. Tex. 2002) (Schell, J.) (citing Tex. Const. art. IV, § 22); *see also Aguero v. Tex. Att'y Gen.*, No. 5:15-CV-51, 2015 WL 12710730, at *1 (S.D. Tex. Apr. 20, 2015) (Saldaña, J.) ("[I]t is well-established that the OAG, again, as an arm of the state, is entitled to sovereign immunity pursuant to the Eleventh Amendment."); *Council v. Battle*, No. 3:21-CV-00613-L (BT), 2021 WL 3276873, at *3 (N.D. Tex. July 8, 2021) (Rutherford, Mag. J.) (dismissing claims against employees of OAG's State Disbursement Unit, which processes child support payments, on sovereign immunity grounds), *adopted by*, No. 3:21-CV-613-L-BT, 2021 WL 3269750 (N.D. Tex. July 30, 2021) (Lindsay, J.).

**B.     Plaintiff's Claims Are Jurisdictionally Barred by Sovereign Immunity**

Plaintiff seeks money damages against Defendant in his official capacity. Indeed, Plaintiff's Complaint lists Defendant as an "Agent of [the OAG] of Texas," and concerns a

pleading Defendant signed while representing the OAG in a SAPCR.[3] As an employee of the OAG acting in his official capacity, Defendant is entitled to the same immunity enjoyed by his employer and the State of Texas. *See Doe*, 519 U.S. at 429; *Swindle*, 655 F.3d at 399; *Walker*, 217 F. Supp. 2d at 779; *see also Aguero*, 2015 WL 12710730, at *1. Critically, Plaintiff neither pleaded nor proved a waiver of sovereign immunity here. *See Daniel*, 960 F.3d at 256; *see also Schultz*, 2022 WL 847234, at *4. Even following a liberal construction of his Complaint, Plaintiff's claims against Defendant are barred by sovereign immunity and must be dismissed for lack of jurisdiction. *See Warnock*, 88 F.3d at 343; *see also Rivens-Baker v. Larue*, No. CV H-22-2480, 2023 WL 5279170, at *2 (S.D. Tex. Aug. 15, 2023) (Ellison, J.) (dismissing for lack of jurisdiction claims against an OAG official because the claims were barred by sovereign immunity).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Plaintiff's claims; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

### IV. NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain

---

[3] The Texas Family Code grants the State of Texas standing to bring a SAPCR. *See* TEX. FAM. CODE ANN. § 102.003(a)(5) ("An original suit may be filed at any time by . . . a governmental entity . . . ."); *Att'y Gen. of Tex. v. Lavan*, 833 S.W.2d 952, 955 (Tex. 1992) ("[T]he State as a governmental entity has independent standing to bring a suit affecting the parent-child relationship . . . .").

error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this **5th** day of **September, 2023**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**