United States District Court
Southern District of Texas
**ENTERED**
October 04, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ADAN RODRIGUEZ, <br> "Plaintiff," <br><br> v. <br><br> JOSHUA SHAMBURGER, Agent of the Office of the Attorney General of Texas and Representing Child Support Office of Texas, <br> "Defendant." | § § § § § § § § § § | Civil Action No. 1:23-cv-00117 |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the "Magistrate Judge's Report and Recommendation" ("R&R") (Dkt. No. 2), Plaintiff's "Objections to the R&R of the Magistrate Judge" ("Objections") (Dkt. No. 5), and Plaintiff's "Declaration of Status of Adan Rodriguez" ("Declaration") (Dkt. No. 6). The R&R is **ADOPTED** for these reasons:

### I. PROCEDURAL BACKGROUND

Plaintiff represented himself in a suit affecting the parent-child relationship in state court. Dkt. No. 1 at 4-5. In one of its pleadings, Defendant demanded Plaintiff prove the state court had subject-matter jurisdiction over the suit. *Id.* at 23-24. Plaintiff alleges this demand formed a contract between himself and Defendant in which Defendant promised to compensate Plaintiff for legal services Plaintiff provided himself in gathering and filing such proof. *Id.* After Defendant failed to respond to Plaintiff's notices of default payment, Plaintiff sued Defendant in this Court for breach of contract and damages of $10,973,202.84. *Id.* at 7, 67.

The R&R (Dkt. No. 2) finds that the Court lacks jurisdiction over Plaintiff's claims because Defendant is entitled to sovereign immunity. Dkt. No. 2. The R&R (Dkt. No. 2) recommends the Court dismiss without prejudice Plaintiff's claims and direct the Clerk of the Court to close this case. Dkt. No. 2 at 5. Plaintiff timely filed his "Objections" (Dkt. No. 5).

### II. DISCUSSION

If a party objects to a magistrate's rulings, the district court will review de novo. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). If the Court finds an unserved defendant is entitled to sovereign immunity, the court must sua sponte dismiss without prejudice the plaintiff's claim for want of subject-matter jurisdiction. *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021)

1

(citing Fed. R. Civ. P. 12(h)(3)); *Korn v. Texas*, No. 3:21-CV-1937-S-BK, 2022 WL 494377, at *3 (N.D. Tex. Jan. 31, 2022), *report and recommendation adopted*, No. 3:21-CV-1937-S-BK, 2022 WL 487929 (N.D. Tex. Feb. 17, 2022).

"Eleventh Amendment sovereign immunity deprives a federal court of jurisdiction to hear a suit against a state." *Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996). Sovereign immunity bars suit against the Texas Office of the Attorney General ("TOAG") or its officials sued in its official capacity for monetary relief. *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). Thus, Plaintiff cannot sue the TOAG or Defendant in their official capacities for monetary damages. *See also Gilb v. Univ. of Houston at Victoria*, No. A-19-CV-831-RP, 2020 WL 7865262, at *4 (W.D. Tex. Dec. 30, 2020), *report and recommendation adopted*, No. 1:19-CV-831-RP, 2021 WL 2768854 (W.D. Tex. Jan. 25, 2021) ("the Texas Legislature has not expressly waived immunity from liability with regard to breach of contract claims.").

Plaintiff argues his claims are not barred by sovereign immunity because he purportedly "repudiate[s] his [United States'] citizenship" and filed a declaration to that effect. Dkt. No. 5 at 5-6; Dkt. No. 6. The Court liberally construes Plaintiff's motion to argue the Court has 28 U.S.C. § 1332 diversity jurisdiction over his claims. Under § 1332, federal courts have jurisdiction over civil actions between citizens of different states or between a citizen of a state and a foreign national and which involve amounts in controversy exceeding $75,000.

It is clear to Plaintiff's Declaration (Dkt. No. 6) has no legal effect and that Plaintiff remains a citizen of the United States and Texas.[1] Thus the Court also finds it lacks § 1332 subject matter jurisdiction over Plaintiff's claims.

After de novo review, the R&R (Dkt. No. 2) is **ADOPTED**.

### III. CONCLUSION

The Court **ADOPTS** the R&R (Dkt. No. 2). Plaintiff's Objections (Dkt. No. 5) are **OVERRULED**. Plaintiff's claims against Defendant are **DISMISSED without prejudice**. The Clerk of the Court is **ORDERED** to close this case.

---

[1] While 8 U.S.C. § 1481(a) allows a United States citizen to voluntarily renounce his citizenship, there is no evidence Plaintiff has complied with or can comply with the statute's requirements.

Signed on this 4th day of October, 2023.

Rolando Olvera
United States District Judge

3